UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

---

**DENNIS RAMKISSOON,**

Plaintiff,

v.

**DELTA AIR LINES, INC.,**

Defendant.

**Case No.:** 6:25-CV-00774-CEM-DCI

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

## I. INTRODUCTION

On April 21, 2025, what should have been a short, routine flight became a traumatic medical emergency for Plaintiff Dennis Ramkissoon and his 3-year-old daughter. As their Delta Air Lines aircraft sat on the runway, the cabin filled with a sharp, chemical odor that left Dennis dizzy, nauseated, and suffering from migraine. His daughter vomited into a barf bag and sobbed in confusion and pain.

No oxygen was provided. No assistance was offered. No documentation was made. A Delta flight attendant admitted the odor was present—but called it "normal." After the flight, Delta failed to follow up, log the event, or report it to federal authorities.

Dennis, a disabled U.S. military veteran and loving father, watched his child suffer while trapped inside an aircraft with nowhere to go and no help coming. He filed this lawsuit seeking justice—not just for the harm they suffered, but for Delta's complete disregard for safety, decency, and federal law.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. § 1332** as the parties are citizens of different states and the amount in controversy exceeds $75,000.

2. Plaintiff is a resident of Florida; Defendant is incorporated in Delaware and headquartered in Georgia.

3. Venue is proper under **28 U.S.C. § 1391(b)(2)** because the incident occurred in Orlando, Florida.

## III. PARTIES

4. Plaintiff Dennis Ramkissoon is a disabled veteran residing in Orlando, Florida.

5. Defendant Delta Air Lines, Inc. is a commercial air carrier doing business in this District.

## IV. FACTUAL ALLEGATIONS

6. On April 21, 2025, Plaintiff and his daughter boarded Delta Flight DL1494 from Orlando to Atlanta.

7. During taxi, a strong chemical odor—similar to engine oil or exhaust—filled the cabin.

8. Plaintiff experienced nausea, headache, dizziness, and cognitive fog.

9. His 3-year-old daughter became visibly ill, vomited, and cried in distress.

10. Plaintiff notified the flight crew. A flight attendant acknowledged the odor but said it was "normal."

11. No oxygen was provided. No medical attention was offered.

12. No in-flight incident report was created.

13. Plaintiff sought emergency medical treatment post-flight. His daughter now suffers trauma and fear related to flying.

14. Delta never contacted Plaintiff or acknowledged the incident.

15. That same day, a Delta 757 caught fire on the tarmac at MCO, further raising fleet safety concerns.

---

## V. LEGAL AND REGULATORY DUTIES

16. Delta's duty of care is backed by law and policy from the **FAA, DOT, EPA, OSHA, CDC**, and international aviation standards.

**FAA Requirements:**

- **14 CFR § 25.831**: Cabin air must be free from harmful contaminants.

- **14 CFR § 121.574**: Requires oxygen deployment during in-flight medical distress.

- **14 CFR §§ 121.563, 121.701, 121.709**: Requires reporting of mechanical and safety irregularities.

**DOT Oversight:**

- **49 U.S.C. § 41712** prohibits unfair and deceptive airline practices, including ignoring in-flight health hazards.

## EPA & OSHA:

- Cabin exposure to airborne oil fumes and combustion byproducts poses known neurological and respiratory risks under **Clean Air Act** and **OSHA 29 CFR § 1910.1000**.

## CDC Guidance:

- CDC warns of neurological symptoms from sealed-environment fume exposure, especially for children.

## International Standards:

- **IATA** and **ICAO** designate fume events as reportable safety hazards requiring investigation and notification.

17. Delta's **Contract of Carriage** also obligates the airline to ensure a safe cabin environment and respond to in-flight illness.

18. Delta violated every one of these duties on Flight DL1494.

---

## VI. CASE LAW SUPPORT

19. In **O'Grady v. Delta Air Lines, Inc., 593 F.3d 1133 (9th Cir. 2010)**, Delta was found potentially liable for ignoring in-flight toxic exposure.

20. In **Nadler v. American Airlines**, a court held the airline accountable for failing to act during cabin fume events.

21. These precedents support Plaintiff's claim and demonstrate that airline inaction during toxic air exposure creates liability.

---

## VII. CAUSES OF ACTION

### Count I – Negligence

22. Delta had a duty to operate aircraft safely, maintain clean air, and respond to in-flight illness.

23. Delta violated federal regulations, medical protocols, and its own policies by:

- Allowing harmful fumes to circulate
- Failing to assist a vomiting toddler
- Refusing to deploy oxygen
- Failing to file any safety report

- Concealing the incident from regulators

24. These actions violated the law, endangered lives, and breached the public trust.

25. Plaintiff and his daughter were physically and emotionally harmed. The trauma continues. The memories are vivid. The harm was preventable.

---

## Count II – Bodily Injury

26. Plaintiff suffered nausea, migraine, and emotional exhaustion.

27. His daughter vomited, cried, and now suffers fear and trauma around travel.

28. These injuries are real, ongoing, and medically supported.

---

## Count III – Negligent Infliction of Emotional Distress

29. No parent should be helpless while their child suffers in public, ignored by trained professionals.

30. Plaintiff now lives with the emotional weight of that helplessness.

31. His daughter now fears airplanes. These emotional injuries are deep and lasting.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

- Compensatory damages in excess of **$850,000**
- Medical costs (past and future)
- Emotional distress damages
- Punitive damages for gross negligence
- Costs of this action
- Any other relief this Court deems just and proper

## IX. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: **May 2, 2025**

**Dennis Ramkissoon**

Pro Se Plaintiff

5313 Rabbit Ridge Trail

Orlando, FL 32818

(689) 312-5958

miidate@yahoo.com

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

**DENNIS RAMKISSOON,**

Plaintiff,

v.

**DELTA AIR LINES, INC.,**

Defendant.

**Case No.:** _____

---

## TABLE OF EXHIBITS

The following exhibits are submitted in support of Plaintiff's Complaint and Demand for Jury Trial:

| Exhibit | Description |
|---|---|
| Exhibit A | Video: Cabin Fume Exposure – Crew acknowledgment; 3-year-old child visibly distressed |
| Exhibit B | Photo Evidence – Ginger ale, barf bag, in-flight seat, timestamped proof of physical illness |

Page **2** of **3**

| Exhibit | Description |
|---|---|
| Exhibit C | ER Visit Documentation – Plaintiff's hospital wristband, room photo, and discharge information |
| Exhibit D | FAA & DOT Complaint Letter – Filed complaint regarding toxic exposure aboard Delta Flight DL1494 |
| Exhibit E | News Article – Delta aircraft fire at MCO on same day (BBC article – April 21, 2025) |
| Exhibit F | Congressional Letter – Sent to Senator Marco Rubio requesting oversight and FAA inquiry |
| Exhibit G | Delta Contract of Carriage Excerpt – Language on passenger health and safety responsibilities |
| Exhibit H | Spoliation Letter – Request for Delta to preserve all maintenance and crew communication records |

Submitted by:

Dennis Ramkissoon (Pro Se)

5313 Rabbit Ridge Trail

Page **2** of **3**

Orlando, FL 32818

(689) 312-5958

miidate@yahoo.com

**Date:** May 2, 2025