# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DENNIS RAMKISSOON,**

    Plaintiff,

v.                                                                    CASE NO.: 6:25-CV-00774-CEM-DCI

**DELTA AIRLINES, INC.,**

    Defendant.

_____/

## DEFENDANT DELTA AIRLINES' MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Defendant, Delta Airlines, Inc. ("Delta"), by and through its undersigned counsel, and pursuant to Fed. R. of Civ. P. 12(b)(5), hereby files this Motion to Dismiss the Complaint filed on May 2, 2025, by Plaintiff, Dennis Ramkissoon ("Plaintiff").

## BACKGROUND

Plaintiff attempted to serve Delta by mailing the summons and complaint via Certified Mail to Delta's Legal Department at 1030 Delta Boulevard, Dept. 981, Atlanta, Georgia 30354. According to the Proof of Service (Doc. 8), the mailing was sent from the Downtown Orlando USPS and delivered on May 5,

2025, at 12:52 p.m. While delivery was confirmed by USPS tracking, no officer, managing or general agent, or person authorized to accept service signed for or received the delivery. The certified mail was left with an unidentified individual, and no attempt was made to personally serve an authorized representative of Delta in compliance with applicable rules.

## LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of a summons must be satisfied." *Omni CapitalInt'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A plaintiff bears the burden of demonstrating that service of process was proper. *Martinez v. Deutsche BankNat'l Tr. Co.*, Case No. 5:11-cv-580-Oc-10TBS, 2012 WL 162360, at *2 (M.D. Fla. Jan. 19, 2012). Although Plaintiff is proceeding pro se, the courts "nevertheless have required [pro se plaintiffs] to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Where such service has not been correctly effected, dismissal pursuant to Fed. R. Civ. P. 12(b)(5) is necessary. *Patterson v. Meredith Corp.*, No. 6:18-CV-467-37GJK, 2018 WL 3860164 (M.D. Fla. June 29, 2018), at *1-2 (M.D. Fla. June 29, 2018).

## ARGUMENT

I.    **PLAINTIFF FAILED TO COMPLY WITH FED. R. CIV. P. 4**

Federal Rule of Civil Procedure 4(h)(1) governs service of process on corporations and requires either (1) personal delivery to an officer, managing or general agent, or an agent authorized by law or appointment to receive service of process, or (2) compliance with state law for service in either the forum state or the state where service is made. Fed. R. Civ. P. 4(h)(1)(A)-(B), 4(e)(1).

### a. Service Was Not Proper Under Fed. R. Civ. P. 4(h)(1)(B)

Federal Rule of Civil Procedure 4(h)(1)(B) requires that a corporation be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." The Eleventh Circuit has interpreted this to mean personal service—not merely delivery by mail. *See Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009). In *Dyer*, the court affirmed dismissal where the plaintiff attempted service on a corporation by certified mail without personal delivery to an authorized agent, finding that this did not satisfy Rule 4(h)(1)(B).

Here, Plaintiff did not personally serve any officer, manager, or authorized agent of Delta. The Proof of Service shows that Plaintiff mailed the summons and complaint via certified mail to Delta's Legal Department, with no confirmation that an appropriate individual received or accepted service. As in *Dyer*, this method does not satisfy the federal rule.

### b. Service Was Not Proper Under Florida Law

Service of process on a corporation must comply with Fla. Stat. § 48.081. The statute requires service on the corporation's registered agent. Fla. Stat. § 48.081(2). If the registered agent is unavailable or cannot be served after one good faith attempt, service may be made on specific officers listed in the statute, including the president, vice president, secretary, treasurer, or chair of the board. Fla. Stat. § 48.081(3). If service still cannot be completed after due diligence, then and only then may alternative methods such as substituted service on the Secretary of State be used. Fla. Stat. § 48.081(4).

Florida law does not authorize service by certified mail unless the defendant agrees to waive personal service and a waiver is filed with the court. *See* Fla. R. Civ. P. 1.070(i); *Dyer*, 318 F. App'x at 844. In *Dyer*, the Eleventh Circuit held that a plaintiff's attempt to serve a corporation by certified mail was insufficient under Florida law where the plaintiff did not obtain a waiver or personally serve an individual authorized by statute. 318 F. App'x 843, 844. The court emphasized that service by mail without personal delivery or waiver is defective under both Rule 4 and Florida's procedural rules. *Id*.

Here, Plaintiff failed to comply with any of the steps outlined in § 48.081, Fla. Stat. He did not serve Delta's registered agent, nor did he attempt personal service on any officer or qualifying representative. He also did not obtain a

waiver. As in *Dyer*, this attempt at service via certified mail does not satisfy the Florida rule.

### c. Service Was Not Proper Under Georgia Law

Sufficiency of service must also be evaluated under Georgia law because attempted service occurred in Georgia.

> Under Georgia law, a plaintiff may perfect process on a domestic corporation, or a foreign corporation authorized to do business in Georgia in several ways. First, the plaintiff can deliver a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof . . . ." O.C.G.A. § 9–11–4(d). Second, if for any reason that will not work, the plaintiff can deliver a copy of the summons and complaint to the Secretary of State along with a certification that the plaintiff has forwarded by registered mail the summons and complaint to the last known address of the corporation's office or agent. O.C.G.A. § 9–11–4(d). Finally, as foreign corporations are required to maintain a registered agent for service of process in Georgia under the Georgia Business Corporation Code, the plaintiff can serve the corporation's registered agent.

*Ritts v. Dealers All. Credit Corp.*, 989 F. Supp. 1475, 1477-78 (N.D. Ga. 1997).

Here, Plaintiff did not pursue any of these legally recognized avenues. The certified mailing was addressed only to Delta's Legal Department without naming or directing service to any individual authorized to accept service. There is no indication that Plaintiff attempted to locate or serve Delta's registered agent, nor is there any evidence that the documents were received by a corporate officer, managing agent, or similar figure. Plaintiff also did not comply with the procedures for substituted service on the Secretary of State. Accordingly, the

service was deficient under Georgia law and cannot support the exercise of personal jurisdiction over Delta.

## CONCLUSION

Because Plaintiff failed to effectuate proper service under federal, Florida, and Georgia law, dismissal under Rule 12(b)(5) is warranted.

/s/ *John P. O'Flanagan*
John P. O'Flanagan, Esq.
FBN: 0072885
Banker Lopez Gassler, P.A.
501 East Kennedy Blvd., Suite 1700
Tampa, FL  33602
Tel No: (813) 221-1500
Email: service-joflanagan@bankerlopez.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which electronically served the foregoing document upon pro se Plaintiff: Dennis Ramkinssoon, 5313 Rabbit Ridge Trail, Orlando, FL 32818, miidate@yahoo.com.

/s/ *John P. O'Flanagan*
John P. O'Flanagan, Esq.
FBN: 0072885

Banker Lopez Gassler, P.A.
501 East Kennedy Blvd., Suite 1700
Tampa, FL  33602
Tel No: (813) 221-1500
Email:service-joflanagan@bankerlopez.com
*Counsel for Defendant*