# UNITED STATES DISTRICT COURT

**MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION**

                                              **Case No.: 6:25-CV-00774-CEM-DCI**

DENNIS RAMKISSOON,

Plaintiff,

v.

DELTA AIRLINES, INC.,

Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Plaintiff, Dennis Ramkissoon, proceeding pro se, respectfully submits this Response in Opposition to Defendant Delta Airlines, Inc.'s Motion to

Dismiss for Insufficient Service of Process pursuant to Federal Rule of Civil Procedure 12(b)(5) and states the following:

## I. INTRODUCTION

Defendant Delta Airlines moves to dismiss based solely on procedural technicalities, despite having received actual and timely notice of the claims against them. Plaintiff, a pro se litigant, exercised due diligence and acted in good faith to effectuate service through certified mail to Delta's Legal Department. While service may not have fully complied with Rule 4(h), the Defendant's acknowledgment of receipt of the summons and complaint confirms that the essential purpose of service—notice—was achieved.

Dismissal under Rule 12(b)(5) is discretionary and is particularly disfavored where the Defendant has suffered no prejudice, and the Plaintiff is willing and able to cure the defect.

## II. LEGAL FRAMEWORK

Federal Rule of Civil Procedure 4(h)(1)(B) allows service on corporations by delivering the summons and complaint to an officer, a managing or general agent, or any other agent authorized by law or appointment to receive service. Rule 4(e)(1) further authorizes service by methods permissible under state law. Florida law (Fla. Stat. § 48.081) and Georgia law (O.C.G.A. § 9-11-4) provide specific statutory guidelines for service upon corporations.

## III. ARGUMENT

A. Plaintiff Substantially Complied and Made a Good Faith Effort

The U.S. Supreme Court and Eleventh Circuit have long recognized that pro se litigants should not be penalized for unintentional procedural missteps. In Haines v. Kerner, 404 U.S. 519 (1972), the Court held that pro se pleadings are to be "liberally construed." Similarly, the Eleventh Circuit in Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) reaffirmed the principle that while pro se litigants must comply with procedural rules, leniency should be afforded where technical noncompliance is not prejudicial.

Here, Plaintiff mailed the complaint to Delta's Legal Department using certified mail, a recognized method for correspondence and business-related documents. Defendant's receipt and actual knowledge of the lawsuit defeats the argument that service was so defective as to justify dismissal.

B. No Prejudice to Defendant

Courts in this Circuit routinely hold that dismissal for improper service is not warranted where the Defendant had actual notice and cannot demonstrate prejudice. See Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc., 733 F.2d 1087 (4th Cir. 1984). Delta's Motion is devoid of any claim of prejudice—only that technical service was not met. Their ability to respond and defend against the complaint was not impaired.

### C. Court Discretion Under Rule 4(m)

Rule 4(m) grants courts broad discretion to extend time for service. In Horenkamp v. Van Winkle & Co., 402 F.3d 1129 (11th Cir. 2005), the court found that even without good cause, district courts have authority to extend the time for service. Plaintiff requests that the Court use its discretion and grant an additional 30 days to serve Delta through its registered agent, Corporation Service Company.

### D. Public Policy Weighs Against Dismissal

Dismissals based on technical defects contravene the public policy favoring resolution on the merits. Courts have reiterated that "dismissal of a complaint is a drastic remedy" and should be avoided where less severe alternatives are available. See Thompson v. Brown, 91 F.3d 20 (5th Cir. 1996); Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218 (4th Cir. 1999).

### IV. CONCLUSION

Plaintiff respectfully urges this Court to deny Defendant's Motion and allow for corrective action. Plaintiff has acted diligently and respectfully requests the opportunity to effect proper service and proceed with the merits of this case.

WHEREFORE, Plaintiff prays this Court will:

1. Deny Defendant's Motion to Dismiss (Doc. 15);

2. Alternatively, grant a 30-day extension pursuant to Fed. R. Civ. P. 4(m) to serve Defendant through its registered agent; and

3. Grant any further relief the Court deems just and proper.

Respectfully submitted,

/s/ Dennis Ramkissoon

Dennis Ramkissoon

5313 Rabbit Ridge Trail

Orlando, FL 32818

Phone: (689) 312-5958

Email: miidate@yahoo.com

Dated: May 27, 2025

**TABLE OF AUTHORITIES**

Haines v. Kerner, 404 U.S. 519, 521 (1972)

Albra v. Advan, Inc., 490 F.3d 826 (11th Cir. 2007)

Horenkamp v. Van Winkle & Co., 402 F.3d 1129 (11th Cir. 2005)

Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc., 733 F.2d 1087 (4th Cir. 1984)

Thompson v. Brown, 91 F.3d 20 (5th Cir. 1996)

Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218 (4th Cir. 1999)

Fla. Stat. § 48.081

O.C.G.A. § 9-11-4

Fed. R. Civ. P. 4(h), 4(e), and 4(m)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27 day of May, 2025, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS** document was served via U.S. Mail and/or email upon the following:

John P. O'Flanagan, Esq.

Banker Lopez Gassler, P.A.

501 East Kennedy Blvd., Suite 1700

Tampa, FL 33602

Email: service-joflanagan@bankerlopez.com

/s/ Dennis Ramkissoon

Dennis Ramkissoon