# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DENNIS RAMKISSOON,

    Plaintiff,

v.                                    CASE NO.: 6:25-CV-00774-CEM-DCI

DELTA AIR LINES, INC.,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO STRIKE IMPROPER MATERIALS

Defendant, DELTA AIR LINES, INC. ("Delta"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(f), and 12(g), hereby files its Motion to Dismiss Plaintiff's First Amended Complaint and Motion to Strike Improper Materials. In Support thereof, Delta states as follows:

### INTRODUCTION

Plaintiff, Dennis Ramkissoon, brings this action against Delta, claiming damages based on alleged in-flight exposure to an odor. According to the Amended Complaint, filed July 15, 2025, Plaintiff and his three-year-old daughter were passengers aboard Delta Flight DL1494 on April 21, 2022, when the cabin allegedly filled with an "odor consistent with toxic fumes." [Doc. 40, Amended Compl. ¶¶ 5-6]. Plaintiff claims he experienced throat burning, dizziness, vomiting, and nausea and his daughter vomited and was distressed. [*Id*. ¶ 7]. Plaintiff faults Delta's flight crew for allegedly acknowledging the odor but failing to provide oxygen or permit deplaning. [*Id*. ¶ 8]. Plaintiff further alleges Delta failed to document or report the incident. [*Id*. ¶ 10]. Plaintiff claims

he sought emergency medical evaluation after landing and he continues to experience "respiratory and psychological symptoms." [*Id.* ¶ 9].

Plaintiff brings three causes of action: negligence (Count I), negligent infliction of emotional distress (Count II), and gross negligence/punitive damages (Count III). The Amended Complaint is an impermissible shotgun pleading that fails to clearly separate claims, identify which factual allegations support each count, or establish a coherent basis for liability. Additionally, each cause of action fails to plausibly state a claim for legal relief. Count I does not plead a cognizable negligence claim because Plaintiff fails to allege facts showing a breach of duty or proximate cause. Count II fails to state a cause of action for negligent infliction of emotional distress because Plaintiff does not allege a physical injury caused by the trauma of observing a close family member suffer serious harm due to Delta's negligence. Count III fails to establish a cause of action for gross negligence and punitive damages because Plaintiff has not alleged facts showing conduct that rises to the level of culpability required for such claim. The Amended Complaint should be dismissed for these reasons.

In addition to the Amended Complaint, Plaintiff filed a "Memorandum in Support of Plaintiff's Amended Complaint" ("the memorandum") on July 16, 2025, which appears to be an attempt to supplement the Amended Complaint. [Doc. 41]. In the memorandum, Plaintiff describes several unverified and unrelated incidents involving odors or fumes aboard aircraft, offers brief interpretations of several Florida court cases, and summarizes federal regulations and a Florida Statute. The memorandum is an improper and should be stricken. Plaintiff's Amended Complaint also contains unrelated materials that should be stricken, including references to Federal Aviation Administration regulations, federal statute, and unverified fume exposure claims against aircraft manufacturers. [Doc. 40, Amended Compl. ¶¶ 6-7B, 8,9].

## **LEGAL STANDARD**

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937) 173 L.Ed.2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. *1955).* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

Although district courts apply a less stringent standard to pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of their claim for relief. *Shipps v. Florida*, No. 6:14-CV-918-ORL-40, 2014 WL 4059868, at *2 (M.D. Fla. Aug. 14, 2014). Pro se leniency does not allow a court to "serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Arrington v. Wells Fargo*, 842 Fed. Appx. 307, 312 (11th Cir. 2020).

## **ARGUMENT**

For the reasons below, the Court should dismiss Plaintiff's Amended Complaint as an impermissible shotgun pleading, dismiss each count for failure to state a cognizable claim for relief, and strike the unrelated materials and improper memorandum filed in support.

### I. Plaintiff's Second Amended Complaint Should be Dismissed Because it is an Improper "Shotgun" Pleading that Violates Federal Rules of Civil Procedure

Under Fed. R. Civ. P. 8(d)(2), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." "Nevertheless, where a plaintiff asserts multiple claims for relief, a properly drafted pleading 'will present each claim for relief in a separate count.'" *Zajac v. Clark,* 2:13-CV-714-FTM-29, 2015 WL 179333, at *6 (M.D. Fla. Jan. 14, 2015) (dismissing complaint as a "shotgun" pleading because it asserted violations of numerous statutes under a single count); *see Marlborough Holdings Group, Ltd. v. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc.,* 505 F. App'x 899, 907 (11th Cir. 2013) ("Although Rule 8 allows a single claim to be stated in the alternative, it does not allow multiple distinct claims to be amassed into a single undifferentiated count. In fact, we have resoundingly denounced such pleadings."); *Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Community College,* 77 F.3d 364, 366 (11th Cir. 1996) (defining a "shotgun" pleading as one where it "is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.").

Here, Plaintiff's Amended Complaint relies on the same undifferentiated set of sparse factual allegations for all causes of action without specifying which facts support which legal theory. The Amended Complaint makes no effort to distinguish between facts supporting the negligence claim and those supporting a theory of emotional distress or heightened culpability for punitive damages. For example, Plaintiff vaguely alleges that he and his daughter experienced physical symptoms following exposure to an odor and the flight crew failed to offer deplaning or oxygen. [Doc. 40, Amended Compl. ¶¶ 6, 8]. But he does not explain how these facts establish Delta's breach of duty, how any trauma from witnessing his daughter's condition triggered his own physical symptoms, or how this conduct amounts to gross negligence. Each count simply restates

legal conclusions without connecting them to any specific conduct or injury. Additionally, Plaintiff alleges vomiting and throat irritation in connection with both his own alleged exposure to fumes and his emotional reaction to his daughter's distress without clarifying which injuries pertain to which cause of action. [*Id*. ¶¶ 7, 16]. Accordingly, Plaintiff's Amended Complaint should be dismissed because it is an impermissible "shotgun" pleading under the Federal Rules of Civil Procedure.

## II. Plaintiff Fails to State a Claim for Negligence Because He Does Not Plead Facts Showing Breach or Causation

Under Florida law, to state a cause of action for negligence, the plaintiff must allege:

> 1. A duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
> 2. A failure on the [defendant's] part to conform to the standard required: a breach of the duty....
> 3. A reasonably close causal connection between the conduct and the resulting injury. This is what is commonly known as "legal cause," or "proximate cause," and which includes the notion of cause in fact.
> 4. Actual loss or damage....

*Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) (quoting *Prosser and Keaton on the Law of Torts* 164-65 (W. Page Keeton ed., 5th ed.1984).

Plaintiff fails to plausibly allege any facts showing Delta breached a duty and the alleged misconduct was the cause of his injuries. The Amended Complaint offers only four factual assertions relevant to the claim for negligence: (1) "an odor consistent with toxic fumes" filled the cabin during the flight [Doc. 40, Amended Compl. ¶ 6]; (2) Plaintiff experienced physical symptoms [*Id*. ¶ 7]; (3) that flight crew acknowledged the odor but did not offer oxygen or deplaning assistance [*Id*. ¶ 8]; and (4) that Plaintiff sought medical treatment after landing [*Id*. ¶ 9]. There is no assertion as to how Delta's conduct fell below an applicable standard of care. There is no allegation as to the nature or origin of the odor, what Delta should have done to prevent it, or

why its response was unreasonable under the circumstances. The absence of such an allegation means Plaintiff also fails to link the symptoms from exposure to the alleged odor to any negligent act or omission by Delta. The Complaint contains no facts showing that Delta's conduct, rather than, for example, a defect attributable to the aircraft manufacturer, caused the odor, allowed it to persist, or resulted in Plaintiff's alleged harm. These deficiencies prevent Plaintiff from plausibly stating a negligence claim, and Count I should be dismissed.

### III. Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress Because His Alleged Injuries Do Not Arise from Psychological Trauma

Persons who suffer a physical injury as a result of emotional distress arising from their witnessing the injury of a loved one may maintain a cause of action for negligent infliction of emotional distress (NIED) under Florida law. *Godelia v. Doe 1*, 881 F.3d 1309, 1322 (11th Cir. 2018). The elements of a NIED claim are:

> (1) the plaintiff must suffer a discernable physical injury; (2) the physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person.

*LeGrande v. Emmanuel*, 889 So. 2d 991, 995 (Fla. 3d DCA 2004). (citing *Zell v. Meek*, 665 So.2d 1048, 1052 (Fla.1995)). "The psychological trauma must cause a demonstrable physical injury such as death, paralysis, muscular impairment, or similarly objectively discernable physical impairment." *Langbehn v. Pub. Health Tr. of Miami-Dade Cnty.*, 661 F. Supp. 2d 1326, 1341 (S.D. Fla. 2009) (citing *Brown v. Cadillac Motor Car Division*, 468 So.2d 903, 904 (1985)). "There is no cause of action for psychological trauma alone when resulting from simple negligence." *Id*.

Plaintiff fails to state a claim for negligent infliction of emotional distress because he does not allege a physical injury caused by psychological trauma from witnessing a

loved one suffer harm. Instead, Plaintiff asserts that he personally experienced "vomiting and throat irritation" during the flight but pleads no facts connecting these symptoms to trauma from observing his daughter. [Doc. 40, Amended Compl. ¶ 16]. Paragraphs 17 and 18 are conclusory, reciting the legal standard without alleging facts that would satisfy it. The only alleged event involving Plaintiff's daughter is that she vomited, but Plaintiff does not identify any negligent act by Delta that caused her distress or describe the incident in a way that would support a NIED claim. These vague allegations fall short of the requirement that the physical injury result from psychological shock caused by witnessing serious harm to another.

Moreover, this is not the type of shocking, trauma-inducing event Florida courts require for NIED. There is no claim that Plaintiff witnessed a severe injury to his daughter in real time; instead, it is alleged that she vomited and was distressed. This contrasts sharply with other NIED cases like *Zell v. Meek*, where a daughter witnessed her father die in a bombing, or *Champion v. Gray*, where a mother observed her child be struck and killed by a drunk driver—shocking, devastating events that illustrate the kind of extremely traumatic circumstances Florida courts have recognized as supporting NIED claims. 665 So. 2d 1048 (Fla. 1995); 478 So. 2d 17 (Fla. 1985).

## IV.  Plaintiff Fails to Allege the Requisite Culpability to Support a Claim for Punitive Damages

Florida law provides a "defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." Fla. Stat. § 768.72(2). "'Intentional misconduct' means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant

7

would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." *Id.* § 768.72(2)(a). "'Gross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." *Id.* § 768.72(2)(b). Where a plaintiff seeks to impose punitive damages on a corporate employer, the law imposes further requirements. In addition to showing employee misconduct under subsection (2), stated above, the plaintiff must establish that the employer (a) actively and knowingly participated in the misconduct; (b) that its officers, directors, or managers knowingly condoned, ratified, or consented to it; or (c) that the employer itself engaged in grossly negligent conduct contributing to the harm. *Id*. § 768.72(3).

Nothing in the Complaint describes conduct by Delta personnel that reflects the kind of deliberate indifference or intentional violation of rights necessary to elevate a negligence claim into one warranting punitive damages. Plaintiff alleges that a flight attendant acknowledged the odor in the cabin but did not provide oxygen or deplaning assistance. [Doc. 40, Amended Compl. ¶ 8]. He further claims Delta failed to document or report the incident. [*Id*. ¶ 10]. These allegations, even taken as true, do not establish that any Delta employee had actual knowledge their conduct was wrongful or knew harm was likely and consciously ignored that risk. As discussed above, these allegations fail to establish even a claim for ordinary negligence, let alone the type of egregious conduct necessary to sustain a claim for punitive damages.

Plaintiff has also failed to satisfy the requirements for holding a corporate employer vicariously liable for punitive damages. The Complaint is silent as to any act or omission by Delta's officers, directors, or managers, and does not allege that Delta itself actively participated

in or ratified the alleged conduct. Nor does Plaintiff allege facts suggesting Delta as a corporation engaged in grossly negligent conduct contributing to the claimed injuries. Accordingly, the claim for gross negligence and punitive damages should be dismissed.

## **MOTION TO STRIKE IMPROPER MATERIALS**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Reed v. Walt Disney Parks, No. 6:20-cv-1346-Orl-40DCI, 2020 WL 10457843, at *1 (M.D. Fla. Nov. 9, 2020) (internal quotations omitted).

Plaintiff's Amended Complaint includes references to various federal laws and regulations, including the Federal Aviation Act and Federal Aviation Administration regulations, none of which provide a private cause of action. [Doc. 40, Amended Compl. ¶¶ 18, 10]. These citations do not define any duty enforceable under state law and are not necessary to the elements of the claims pled. Their inclusion only invites confusion about the nature of Plaintiff's claims. The Amended Complaint also includes allegations about unrelated and unverified incidents involving other flights and individuals with no connection to the flight at issue. [*Id.* ¶¶ 6-7B]. These allegations are not tied to any conduct by Delta in this case and have no bearing on Plaintiff's claims whatsoever. Because they are not relevant to the specific events alleged in this case and do not support any element of Plaintiff's claims, they are immaterial and should be stricken.

Plaintiff introduced additional immaterial content through filing a "Memorandum in Support of Plaintiff's Amended Complaint." [Doc. 41]. The memorandum is not attached to any motion, is not a response to any pending motion, and does not fall within the filings authorized by the Federal Rules of Civil Procedure or this Court's local rules. It appears to be an improper attempt

9

to supplement the Amended Complaint by citing external materials not incorporated into the pleading. Like the materials already addressed, the memorandum includes additional references to federal regulations that do not create private rights of action and describes incidents unrelated to Plaintiff's flight. Because the memorandum is procedurally improper and introduces irrelevant and extraneous material, it should be stricken.

## CONCLUSION

Plaintiff's Amended Complaint is an impermissible Shotgun pleading that fails to state a claim upon which relief can be granted, and the Court should dismiss it pursuant to Rule 12(b)(6). Additionally, Plaintiff has improperly introduced extraneous, irrelevant materials through an unauthorized memorandum that should be stricken under Rule 12(f).

## GOOD FAITH CONFERENCE CERTIFICATE

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that on July 25, 2025, counsel for Defendant, Delta Air Lines, Inc., conferred by telephone with Plaintiff, Dennis Ramkissoon, regarding the relief requested herein. The parties were unable to reach agreement, and the motion is therefore submitted for the Court's consideration.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which electronically served the foregoing document upon pro se Plaintiff: Dennis Ramkissoon, 5313 Rabbit Ridge Trail, Orlando, FL 32818, miidate@yahoo.com.

                      */s/ John O'Flanagan*
                      John O'Flanagan, Esq.
                      FBN: 0072885
                      Banker Lopez Gassler, P.A.
                      501 East Kennedy Blvd., Suite 1700
                      Tampa, FL  33602
                      Tel No: (813) 222-1177
                      Email:service-joflanagan@bankerlopez.com
                      *Counsel for Defendant*