**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DENNIS RAMKISSOON**

        **Plaintiff,**

v.                                                              **Case No: 6:25-cv-0774-CEM-DCI**

**DELTA AIRLINES, INC.,**

        **Defendant.**

---

**ORDER**

Before the Court is Plaintiff's Renewed Motion to File Electronically. Doc. 52 (the Motion). As will be explained, the Motion is due to be **DENIED without prejudice**.

Shortly after initiating this case, Plaintiff Dennis Ramkissoon (Plaintiff) filed a motion seeking "permission to file documents electronically via CM/ECF." Doc. 13 at 2. The Court granted the motion in part, authorizing Plaintiff to receive electronic notice of filing but denying Plaintiff's request to file via CM/ECF. Doc. 39 at 3. On August 1, 2025, the Middle District of Florida discontinued the web portal—an electronic filing platform for *pro se* litigants.[1] Two weeks later, Plaintiff filed the instant Motion renewing his request to file documents via CM/ECF. Doc. 52. In the Motion, Plaintiff asserts that "good cause exists to allow CM/ECF filing in this case"

---

[1] *See* United States District Court Middle District of Florida, *Lawyer Web Portal*, https://apps.flmd.uscourts.gov/cmecf/filings.cfm (last visited on Oct. 17, 2025) ("Litigants without lawyers are not permitted to submit filings through the court's web portal. Instead, litigants without lawyers must submit filings in person, by U.S. Mail, or by other delivery service."); *see also Gillespie v. Wilcox*, 2025 U.S. Dist. LEXIS, at *2 (M.D. Fla. Aug. 11, 2025) ("Previously, the Court operated a web portal that allowed *pro se* litigants to file documents electronically. That service has now ended.").

because: 1) "Paper filings are docketed on receipt by the Clerk rather than by postmark, creating a material risk of late receipt;" 2) "Plaintiff has experienced late deliveries and processing lags inherent in paper filing . . . [and] Electronic filing would eliminate those delays;" 3) Plaintiff has the "technical capacity" to file electronically; and 4) "Granting e-filing imposes no prejudice on Defendant." Doc. 52 at 3-4.

As a general matter, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B (August 1, 2025). And "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

In this instance, Plaintiff has not shown any extenuating circumstances or good cause to authorize his access to file via CM/ECF. Since the Court's discontinuation of the *pro se* Web Portal on August 1, 2025, Plaintiff has successfully filed two motions without CM/ECF access. *See e.g.,* Docs. 52, 53. Further, the Court is not convinced that the filing of future documents in person, by U.S. Mail, or other delivery service will be unduly burdensome and prejudicial to Plaintiff. Plaintiff contends that good cause exists because filings made by mail or in person "are docketed on receipt by the Clerk rather than by postmark, creating a material risk of late receipt." Doc. 52 at 3. Relatedly, Plaintiff asserts that he "has experienced late deliveries and processing

2

lags inherent in paper filing." *Id.* But all *pro se* parties filing in this district are subject to the limitations inherent in paper filing, and the Federal Rules of Civil Procedure account for such processing time by adding three days to the applicable deadline. *See* Fed. R. Civ. P. 6(d) (citing Rules 5(b)(2)(C) and 6(a)). Accordingly, The Court is not persuaded that CM/ECF access is necessary for Plaintiff to litigate this matter.

To the extent Plaintiff seeks access to the electronically maintained docket system known as "PACER," "[a]ny member of the public can access electronic records of the federal courts by registering online with PACER[.]" *Rothschild v. Anywhere Advisors LLC*, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). The Court's Guide for Proceeding Without a Lawyer provides:

> If you have internet access, you may also register for PACER (Public Access to Court Electronic Records) and view and print the documents in a case. To register, go to the PACER registration page on the PACER website (www.pacer.gov) or call (800) 676-6856. Using PACER may cost $.10 a page for viewing or printing. PACER will give you details when you register. Problems with PACER should be addressed to PACER, not to the court.

United States District Court Middle District of Florida, *Guide for Proceeding Without a Lawyer*, p. 13 (Feb. 10, 2022) (available at https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf ).

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 52) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on October 23, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record
Unrepresented party